**UNITED STATES of America,**

v.

**Jerald John MEOLA, Defendant.**

**Nos. CR 89–278–FR, CV 94–1459–FR.**

United States District Court,
D. Oregon.

May 5, 1995.

Kristine Olson Rogers, U.S. Atty., D. of Or., J. Richard Scruggs, Asst. U.S. Atty., Portland, OR, for the U.S.

Paul M. Ferder, Ferder, Ogdahl, Brandt & Casebeer, Salem, OR, for defendant.

### *OPINION AND ORDER*

ROBERT E. JONES, District Judge:

The court has received defendant's motion to vacate his conviction and sentence on the grounds of double jeopardy. The motion is now fully briefed and ready for decision without further hearing.

After considering the materials submitted by defendant I conclude that the motion must be denied. The facts set out by defendant establish that defendant was indicted and convicted in federal court, but that civil forfeiture proceedings were initiated by the State of Oregon through the City Attorney of the City of Salem. It is debatable whether jeopardy attached in the forfeiture proceeding because it was settled before defendant filed a formal claim. However, it is unnecessary to reach that issue. Under the doctrine of dual sovereignty, a forfeiture proceeding brought by a separate sovereign does not constitute double jeopardy, absent exceptional circumstances. *United States v. Branum,* 872 F.Supp. 801 (D.Or.1994). No facts appear in the record which could bring this case within the "Bartkus" exception to the dual sovereignty doctrine. *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).

Accordingly, Meola's motion to vacate his conviction and sentence is denied.